In the Matter of THERESA M. MORRISSEY (Now Known as THERESA M. SIMONDS), Petitioner, against ARTHUR LEVITT, as Comptroller of the State of New York, Respondent.— Proceeding under article 78 of the Civil Practice Act to review a final determination of the Comptroller which denied petitioner's claim for accidental death benefits. The matter has been reviewed by this court on a previous appeal, and our decision therein contains a brief outline of the facts. (1 A D 2d 746.) Upon that appeal we remitted the matter to the Comptroller "for clarification of his findings and for such other proceedings as he may believe just and proper". Pursuant thereto further hearings were held and additional medical proof was introduced. Following these hearings the Comptroller made new findings, again denying the claim. The claim was made pursuant to section 61 of the Retirement and Social Security Law (formerly Civil Service Law, § 81). The decedent died of a heart attack. The Comptroller has now found: "19. That Phillip G. Morrissey did not trip over the hose prior to or after suffering the attack of coronary insufficiency. 20. That Philip G. Morrissey stumbled as a result of the attack of coronary insufficiency and fell to the ground over the hose. 21. That the fall to the ground and the resulting impact did not cause, precipitate or aggravate the coronary insufficiency and the resulting pulmonary edema and left ventricular failure that Philip G. Morrissey suffered. 22. That Philip G. Morrissey died from an attack of coronary insufficiency secondary to a pre-existing pathological condition of coronary sclerosis. 23. That Philip G. Morrissey did not sustain an accident while in the performance of his duties as Deputy Fire Chief on October 2, 1952. 24. That the death of Philip G. Morrissey was neither caused by, nor was it the natural and proximate result of any accident." We may not say from the record now before us that the Comptroller's findings are arbitrary, capricious or unsupported by substantial evidence. Under these circumstances the Comptroller's determination of questions of fact is conclusive. (Matter of Croshier v. Levitt, 5 N Y 2d 259.) Determination unanimously confirmed, without costs. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.